UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 14-0246 |
| LIONEL THOMAS | SECTION "B" |

## ORDER AND REASONS

Before the Court are petitioner, Lionel Thomas's "Motion Requesting Sentence Modification Pursuant to Section 3582(c)(1)(A)" (Rec. Doc. 112), and the government's opposition (Rec. Doc. 114).[1][2] For the following reasons,

**IT IS ORDERED** that petitioner's motion for sentence modification or reduction (Rec. Doc. 112) is **DENIED**.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On February 3, 2016, Thomas pled guilty to one count of conspiracy to distribute and possession with intent to distribute one kilogram or more of heroin under 21 U.S.C. § 841(a)(1), (b)(1)(A), § 846, and § 851(a)(1). Rec. Doc. 114 (citing Rec. Doc. 64 at 5); Rec. Doc. 69 at 1. On February 4, 2021, Thomas filed a motion for compassionate release because of various medical conditions and this Court denied it. Rec. Doc. 111 at 1, 4. Three years later, on August 6, 2024, Thomas filed the instant motion, seeking compassionate release based on non-retroactive changes in the law, the amount of time he has currently served, an invalid career offender enhancement, rehabilitation, and an invalid four-point enhancement. Rec. Doc. 112 at 1.

---

[1] Petitioner has not replied to the government's opposition. The government's opposition was filed on September 9, 2024.
[2] We thank Judicial Extern A. Wallace for work on this matter.

**LAW AND ANALYSIS**

   A. **Standard of Review**

A defendant may move the court for compassionate release after either fully exhausting his administrative rights or upon the lapse of thirty days from a request for relief to the warden, whichever is earlier. *See* 18 U.S.C. § 3582(c)(1)(A). Once the exhaustion requirement has been met, the court may reduce a defendant's term of imprisonment if it finds that extraordinary and compelling reasons warrant such a reduction and, thereafter, a reduction would be in conformity with the sentencing factors under 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A); *Ward v. United States*, 11 F.4th 354, 359-60 (5th Cir. 2021). The analysis of extraordinary and compelling reasons is informed by—and must be consistent with—applicable policy statements of the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(1)(A). The defendant has the burden of proving they are entitled to a reduction. *See Ward*, 11 F.4th at 361 (citation omitted).

   B. **Lapse of Thirty Days from Request for Relief from Warden**

In the instant case, Thomas includes that a defendant must first request the Bureau of Prisons (BOP) to file a motion for compassionate release on his behalf before requesting compassionate release from the court. Rec. Doc. 112 at 2. Thomas does not provide evidence that he filed a request to the BOP; however, the government does not refute that Thomas has followed the required steps prior to filing his motion for compassionate release to this Court. *See* Rec. Doc. 114.

   C. **Extraordinary and Compelling Reasons**

Even with the lapse of thirty days from request for relief from the warden, Thomas can receive relief only if he proves the existence of an extraordinary and compelling reason. *See* 18 U.S.C. § 3582(c)(1). The § 3582(c)(1)(A)(i) analysis of extraordinary or compelling reasons is

2

informed by the U.S. Sentencing Guidelines §1B1.13. *See* U.S.S.G. § 1B1.13 (Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)). Amended in 2023, § 1B1.13 now contains a non-exclusive list of six extraordinary and compelling reasons within the policy test itself offering greater clarity to courts. *See* U.S. Sent'g Guidelines Manual Supplement to App. C (U.S. Sent'g Comm'n 2023) at 200–210 (Am. 814). Thomas' compassionate release application alleges that extraordinary and compelling reasons exist through an amendment to § 851 of the First Step Act (FSA), an improper classification as a career offender, an improper sentencing enhancement as a leader/organizer of a conspiracy, the amount of time he has already served, and his rehabilitation. Rec. Doc. 112 at 1.

1. **Amendments to the First Step Act**

Thomas insists his unusually long sentence presents compassionate release grounds pursuant to a change in the mandatory minimum as it relates to § 851 of the First Step Act (FSA). Rec. Doc. 112 at 5; 21 U.S.C. § 841; 21 U.S.C. § 841 (2010). The government rejects this argument, stating that it played no role in Thomas's original sentence. Rec. Doc. 114 at 2. Additionally, the government states that the Sentencing Commission did not have authority to allow non-retroactive changes in the law to be a basis for compassionate release under U.S.S.G. § 1B1.13(b)(6). Rec. Doc. 114 at 3 n.2 ("the Sentencing Commission erred in promulgating guidelines that allow non-retroactive changes in the law to be a basis for compassionate release").

The Fifth Circuit has not directly addressed the validity of § 1B1.13(b)(6). *See United States v. Elam*, No. 22-40373, 2023 WL 6518115, at *2 (5th Cir. Oct. 5, 2023) (noting that a policy statement from the Commission indicating "that district courts 'may' consider changes in the law as part of 'extraordinary and compelling' reasons analysis, but 'only' after 'full[y] consider[ing]' the prisoner's 'individual circumstances'" applies to Bureau of Prisons and prisoner motions for

3

compassionate release); *United States v. Martinez*, No. 23-50418, 2024 WL 658952, at *1 (5th Cir. Feb. 16, 2024) (citation omitted, alterations in original) ("We note that after the denial of Martinez's motion for compassionate release, the Sentencing Commission amended the policy statement to provide that district courts 'may' consider changes in the law as part of the 'extraordinary and compelling' reasons analysis, but 'only' after 'full[y] consider[ing]' the prisoner's 'individualized circumstances'"). However, the Fifth Circuit recently held that nonretroactive changes in the law that create a gross discrepancy in sentencing, coupled with extraordinary rehabilitation can amount to extraordinary and compelling reasons warranting compassionate release. *United States v. Jean*, 108 F.4th 275, 281 (5th Cir. 2024). Nevertheless, this Court does not need to resolve this contention in this case because Thomas's sentence would be the same if sentenced today.

Thomas is correct that § 841 has been amended to a mandatory minimum of fifteen years instead of twenty for a person who has violated this section "after a prior conviction for a serious drug felony or serious violent felony has become final." 21 U.S.C. § 841; 21 U.S.C. § 841 (2010). However, Thomas's sentence was calculated based on his total offense level and criminal history category, which did not rely on § 841. Rec. Doc. 114 at 2 (citing Rec. Doc. 64 at 11-16).[3] When Thomas was sentenced, his total offense level added up to thirty-four (34). *Id.* at 11. Specifically, his total offense level was calculated under U.S.S.G. § 2D1.1(c)(5), leading to a base offense level of thirty (30). *Id.* at 10. Then, U.S.S.G. § 3B1.1(a) added four (4) to his base offense level because Thomas was a leader or organizer of the criminal activity involving five or more people. *Id.* at 11. Additionally, U.S.S.G. § 4B1.1(1) increased Thomas's base offense level to thirty-seven (37) because he was considered a career offender. *Id.* However, U.S.S.G. § 3E1.1(a) removed two (2)

---

[3] Rec. Doc. 64 is a sealed document.

points from Thomas's base offense level because he plead guilty in a timely manner and U.S.S.G. § 3E1.1(b) removed one (1) point from Thomas's base offense level after the government permitted it. *Id.* Therefore, § 841 did not impact Thomas's total offense level calculation.

Additionally, Thomas's criminal history category added up to a category VI. *Id.* at 16. Specifically, his past criminal convictions totaled to a criminal history score of fifteen (15). *Id.* Then, under U.S.S.G. § 4A1.1(d), two (2) points were added to his criminal history score because Thomas was on parole when he committed the instant offense. *Id.* Therefore, his total criminal history score was seventeen (17), which equals to a criminal history category of VI under U.S.S.G. § 4B1.1(b). *Id.* Altogether, Thomas's total offense level and criminal history category led to the advised guideline imprisonment range of 262 to 327 months. *Id.* at 22. This guideline range would be the same today regardless of amendments to § 841 because they were not calculated in reliance on § 841. Accordingly, extraordinary and compelling reasons are not present in Thomas's case based on amendments to § 841.

2. **Career Offender Classification**

Thomas also alleges that his career offender designation under U.S.S.G. § 4B1.1(a) is invalid because conspiracy is not a controlled substance offense, citing to *United States v. Dupree*. Rec. Doc. 112 at 7-8 (citing *United States v. Dupree*, 57 F.4th 1269, 1279 (11th Cir. 2023)). The government disagrees, citing to cases in the Fifth Circuit that have held that conspiracy is a controlled substance offense under U.S.S.G. § 4B1.1(a). Rec. Doc. 114 at 3-4; *United States v. Vargas*, 74 F.4th 673, 698 (5th Cir. 2023) (en banc); *United States v. Lightbourn*, 115 F.3d 291, 293 (5th Cir. 1997); *United States v. Goodin*, 835 Fed. App'x 771, 782 (5th Cir. 2021). The Fifth Circuit binds this Court; and it has consistently held that conspiracy is a controlled substance offense under § 4B1.1(a). *Vargas*, 74 F.4th at 698 ("we reaffirm our longstanding precedent that

inchoate offenses like conspiracy are included in the definition of 'controlled substance offense'"); *Lightbourn*, 115 F.3d at 293 ("The Sentencing Commission has now lawfully included drug conspiracies in the category of crimes triggering classification as a career offender under § 4B1.1"); *Goodin*, 835 Fed. App'x at 782 ("Goodin's conspiracy conviction is a controlled substance offense under the Sentencing Guidelines"). Therefore, Thomas's career offender classification is correct under § 4B1.1(a).

3. **Leadership Role**

Thomas contends that he should have received a two (2) point enhancement instead of a four (4) point enhancement for his leadership role in the instant offense under U.S.S.G. § 3B1.1 because the conspiracy did not involve five or more participants. Rec. Doc. 112 at 9. Additionally, Thomas argues that only circumstantial evidence exists linking three participants to the conspiracy. *Id.* As an initial matter, U.S.S.G. § 3B1.1(a) states that "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants *or was otherwise extensive*, increase by 4 levels. U.S.S.G. § 3B1.1(a) (emphasis added). Therefore, for there to be a four (4) point increase for being an organizer or leader of an offense, five or more participants are not required if the criminal activity was "otherwise extensive." *See id.* In this case, the sentencing report indicated that "Thomas directed the actions of Brundy and Garnett, and supervised their conduct while in custody. Thus, his role is indicative of an organizer/leader. Therefore, a four-level aggravating role enhancement is applicable under U.S.S.G. § 3B1.1(a)." Rec. Doc. 64 at 9. Given the statutory language and the reasons provided in the sentencing report, a four (4) point enhancement was proper for Thomas's role as a leader/organizer of the instant offense.

4. **Rehabilitation**

Finally, Thomas states that extraordinary and compelling reasons warrant compassionate release because of his involvement in rehabilitative programs and employment while incarcerated. Rec. Doc. 112 at 9-10. However, rehabilitation alone is not enough for extraordinary and compelling reasons for granting compassionate release. 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason"); *Jean*, 108 F.4th at 284. Therefore, extraordinary and compelling reasons do not warrant granting Thomas compassionate release because his sentence would be the same if sentenced today and rehabilitation alone cannot amount to extraordinary and compelling reasons.

D. **18 U.S.C. § 3553(a) Sentencing Factors**

As the final step in the compassionate release evaluation, the § 3553(a) factors must independently support a sentencing reduction. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(a) ("[T]he court may reduce a term of imprisonment . . . after considering the factors set forth in 18 U.S.C. § 3553(a) . . . ."). As the Fifth Circuit has expressed it, the § 3553(a) factors offer "an alternative basis for denying relief." *United States v. McFadden*, No. 20-40801, 2022 WL 715489, at *3 (5th Cir. Mar. 9, 2022) (citing *United States v. Chambliss*, 948 F.3d 691, 693-94 (5th Cir. 2020)).

In maintaining "a sentence sufficient, but not greater than necessary," this Court evaluates Thomas's compassionate release motion through the stated factors:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]

18 U.S.C. § 3553(a). The court's application of the § 3553(a) factors is discretionary. *See Ward*, 11 F.4th at 360 (quoting 18 U.S.C. § 3582(c)(1)(A)) ("[M]otions for compassionate release are inherently discretionary. By statute, a district court 'may' reduce an otherwise-eligible defendant's sentence 'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'"); *Chambliss*, 948 F.3d at 693 (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)) ("[A] 'sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case.' Thus, we give deference to the district court's decision and note that reversal is not justified where 'the appellate court might reasonably have concluded that a different sentence was appropriate'"). While noting that the Supreme Court has described, "for argument's sake," a district court to have "equivalent duties when initially sentencing a defendant and when later modifying the sentence," the Fifth Circuit has concluded "[f]lexibility and discretion from rigid rules is particularly applicable when there is a motion to modify a sentence." *Ward*, 11 F.4th at 361 (discussing *Chavez-Meza v. United States*, 585 U.S. 109, 115-16 (2018)).

Assuming that Thomas could show extraordinary and compelling reasons for a sentence reduction, he does not satisfy the § 3553(a) sentencing factors. Thomas argues that he meets the sentencing factors because he took responsibility for the instant offense and his career offender classification overstates his previous criminality because most of the offenses took place within a year period. Rec. Doc. 112 at 10. Thomas did plead guilty to the instant offense. *Id.* at 4. However, as explained previously, his career offender classification is correct and the fact that most of the offenses took place in a one-year period does not refute his career offender classification. Additionally, Thomas's imposed sentence reflects the seriousness of his repeat offending, serves

8

as an adequate deterrent, and protects the public from future crimes. Finally, as explained, Thomas's sentence would be the same if sentenced today. Therefore, his sentence provides just punishment and promotes respect for the law. Accordingly, Thomas does not meet the § 3553(a) sentencing factors and his request for compassionate release should be denied.

    New Orleans, Louisiana this 12th day of February, 2025

                                                      SENIOR UNITED STATES DISTRICT JUDGE